Lynette **HINSHAW**, Plaintiff–Appellant,

v.

Gloria S. **MAHLER**; Kenneth J. Mahler, Individually and as Personal Representatives of the Estate of Christian Devon Mahler, Deceased, Defendants–Appellees,

and

Confederated Salish & Kootenai Tribes of the Flathead Nation, Intervenor–Appellee.

No. 93–35199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1994.

Memorandum Filed June 17, 1994.

Order and Opinion Decided Nov. 25, 1994.

Lon J. Dale and Margaret L. Sanner, Milodragovich, Dale & Dye, Missoula, MT, for plaintiff-appellant.

Edward A. Murphy, Datsopoulos, MacDonald & Lind, Missoula, MT, for defendants-appellees.

Karen J. Atkinson, Tribal Legal Department, Pablo, MT, for intervenor-appellee.

Before: HUG, HALL, and THOMPSON, Circuit Judges.

### ORDER

The memorandum disposition filed June 17, 1994, is redesignated as an authored opinion by Judge Hug.

HUG, Circuit Judge:

The issues in this case are whether the Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation has (1) subject matter jurisdiction over Gloria and Ken Mahler's wrongful death and survivorship claims, which arose from an on-reservation automobile accident involving no members of the Confederated Tribes, and (2) personal jurisdiction over Lynette Hinshaw, the tort-feasor, a nonmember resident of the reservation.

The district court denied Hinshaw's motion for summary judgment and held that the Tribal Court has personal jurisdiction over Hinshaw and subject matter jurisdiction over the Mahlers' claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I. *FACTS*

While riding his motorcycle on U.S. Highway 93 within the boundaries of the Flathead

Reservation, Christian Mahler was struck by a car driven by Lynette Hinshaw. He died as a result of his injuries.

Christian Mahler was not an enrolled member of the Confederated Salish and Kootenai Tribes of the Flathead Reservation although he resided within the boundaries of the reservation with his parents, Kenneth and Gloria Mahler. Gloria Mahler is an enrolled member of the Tribes.

Lynette Hinshaw is not an enrolled member of the Tribes, but she does, and did at the time of the accident, live within the boundaries of the reservation.

Kenneth and Gloria Mahler filed an action for damages for wrongful death and a survivorship action against Hinshaw in the Tribal Court. Hinshaw appeared specially to challenge jurisdiction. The Tribal Court denied her motion to dismiss, and found jurisdiction because the accident occurred on the reservation and Gloria Mahler was an enrolled member of the Tribes. Hinshaw appealed to the Tribal Appellate Court, which affirmed the Tribal Court's decision.

## II. *SUBJECT MATTER JURISDICTION*

### A. *Wrongful Death Claim*

■■■ We review the district court's determination of jurisdiction *de novo. FMC v. Shoshone–Bannock Tribes,* 905 F.2d 1311, 1314 (9th Cir.1990), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991). The Tribal Court's interpretation of tribal law is binding on this court. *Sanders v. Robinson,* 864 F.2d 630, 633 (9th Cir.1988), *cert. denied,* 490 U.S. 1110, 109 S.Ct. 3165, 104 L.Ed.2d 1028 (1989).

Clearly, the Tribes have not surrendered their authority to exercise jurisdiction over civil actions involving non-members. *See Montana v. United States,* 450 U.S. 544, 565–66, 101 S.Ct. 1245, 1258–59, 67 L.Ed.2d 493 (1981) (tribe retains civil authority over matters affecting the tribe); *see also National Farmers Union Ins. Co. v. Crow Tribe,* 471 U.S. 845, 855–56, 105 S.Ct. 2447, 2453–54, 85 L.Ed.2d 818 (1985). Ordinance 40–A expressly provides that the Tribal Court and Tribal Government have concurrent jurisdiction over certain civil matters occurring on

the reservation, including the operation of motor vehicles on public roads, and that all jurisdiction not expressly transferred remains with the Tribes. Tribal Ordinance 40–A (Revised) (May 5, 1965); Tribal Law and Order Code Ch. 1 § 2–3. *See also Larivee v. Morigeau,* 184 Mont. 187, 602 P.2d 563, 566–71 (1979) (jurisdiction over torts arising from automobile accidents on the Flathead Reservation is concurrent between the State and the Tribes), *cert. denied,* 445 U.S. 964, 100 S.Ct. 1653, 64 L.Ed.2d 240 (1980).

■ The Mahlers' action falls squarely within the scope of Tribal Ordinance 36–B. Tribal Law and Order Code, Ch. II, § 1(2) (1985). The accident occurred within the boundaries of the reservation. Gloria Mahler, Kenneth Mahler, and Hinshaw reside on the reservation and thus are "found" on the reservation, pursuant to section 1(2)(a)(1) & (2)(b). Hinshaw owned, used, and possessed a motor vehicle within the reservation, pursuant to section 1(2)(a)(2)(ii). Finally, Hinshaw's actions injured Gloria Mahler, a tribal member, pursuant to section 1(2)(a)(2)(iv).

The Tribes' jurisdiction has not been limited by treaty or statute, and the Tribes have not given up their authority to exercise jurisdiction over actions such as the Mahlers'.

### B. *Survivorship Claim*

■ The Tribal Court also has jurisdiction over the survivorship claim. Hinshaw argues that only the State has subject matter jurisdiction over the survivorship action because it is brought in a representative capacity, any damages belong to the estate, and the decedent was not a tribal member. We disagree.

The Tribal Court does not have concurrent *probate* jurisdiction with Montana. Tribal Appellate Court Opinion at 9, *citing* Tribal Code of Domestic Relations, Ch. V § 10(1). However, the Mahlers' tort action for personal injuries does not relate to the administration of the estate. A party wishing to bring both a wrongful death claim and a survivorship claim in a Montana court must initiate a separate non-probate action. *See Matter of Estate of Pegg,* 209 Mont. 71, 680 P.2d 316, 322 (1984) (wrongful death claim is not part of decedent's estate); Mont.Code Ann. §§ 27–1–513, 27–1–501(2) (1992) (a wrongful death claim and a survivorship claim must be

combined in one legal action and brought in a representative capacity). Thus, initiation of the probate action did not initiate the Mahlers' tort actions in state court.

Furthermore, Hinshaw has cited no authority showing that the Tribal Court does not have jurisdiction over the survivorship claim. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987) provides that "state courts are generally divested of jurisdiction as a matter of federal law" if the exercise of state-court jurisdiction "would interfere with tribal sovereignty and self-government." *Id.* at 15, 107 S.Ct. at 976. For us to hold otherwise would, in the words of the district court, "undermin[e] the authority of the Tribal Court to hear the wrongful death claim by effectively chilling Gloria Mahler's right to proceed in Tribal Court for that claim."

### III. *PERSONAL JURISDICTION*

Hinshaw also argues that the Tribal Court lacks personal jurisdiction over her under the minimum contacts test of *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The Tribes' own case law provides that the fundamental requirement for personal jurisdiction is the existence of some relationship between the Tribes and the parties to the action such that it is reasonable for the Tribal Court to exercise control over the parties. *Estate of Bighorse*, 15 Indian L.Rep. 6048, 6049 (1988); Tribal Appellate Court Opinion at 15. This also satisfies the requirements of *International Shoe.* Hinshaw, by living on the reservation, has purposefully availed herself of the privilege of conducting activities in the forum. The claim arises out of her forum-related activities, and the exercise of jurisdiction is reasonable because the Tribes have a special interest in exercising jurisdiction over those who have committed tortious acts within the reservation.

### IV. *CONCLUSION*

The decision of the district court is **AFFIRMED**.